**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF FLORIDA**
**GAINESVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                    CASE NO.: 1:08CR41-SPM/AK

MARCELLUS DAWSON and
JOHNNY MILLER GREEN,

                    Defendants.
_____/

## ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS COUNT TWO

THIS CAUSE comes before the Court upon Defendant Green's and

Defendant Dawson's motions to dismiss Count Two of the Indictment. (docs. 35

and 38) The Government has filed a response in opposition to each motion.

(docs. 39 and 40)

Defendants argue that Count Two of the Indictment should be dismissed

for duplicity because it charges two distinct crimes in a single count contrary to

Fed. R. Crim. P. 8(a).  (docs. 35, 38.)  Defendant Green also argues that Count

Two should be dismissed for multiplicity because it incorporates by reference the

allegations of Count One.  (doc. 41.)  For the following reasons, both motions will

be denied.

Applicable Standard

An indictment is legally sufficient and will not be dismissed if it "contains

the elements of the offense charged and apprises the accused of the nature of the charge, so as to enable him to prepare a defense and to plead the judgment." *Davis v. U.S.*, 357 F.2d 438, 439-40 (5th Cir. 1966) (internal citations omitted); *see also U.S. v. Germany*, 296 Fed. Appx. 852, 862 (11th Cir. 2008).  Moreover, courts give the indictment a common sense construction to determine its validity by practical, not technical, considerations.  *U.S. v. Germany*, 296 Fed. Appx. at 862.

I.  Lack of Duplicity

　　　　Defendants argue that Count Two of the Indictment should be dismissed for duplicity because it charges two distinct crimes in a single count contrary to Fed. R. Crim. P. 8(a).  (docs. 35, 38.)  However, Defendants misread Count Two of the Indictment, which charges a violation of only one substantive offense and an alternate theory of liability for that offense as an aider and abetter.

　　　　To illustrate, Count Two of the Indictment charges Defendants with a "violation of Title 18, United States Code, Sections 666(a)(1)(B) and 2."  (doc. 1)  Defendants argue that this phrase charges violations of Section 666(a)(1)(B) ("accepting a bribe") and Section 666(a)(2) ("giving a bribe").  However, as the Government explains (doc. 39), Count Two charges a violation of 18 U.S.C. § 666(a)(1)(B) (accepting a bribe) and then explicitly states that 18 U.S.C. § 2 will apply to the Defendants.  Section 666(a)(1)(B) provides the basis for the substantive offense of soliciting or accepting or agreeing to accept things of value

for influence in connection with any business or government.  Section 2 provides

an additional theory of liability as the principal for the offense by either

committing the act itself or by aiding and abetting another, such as a co-

defendant, in the act's commission.  *See U.S. v. Masson*, 582 F.2d 961, 963 (5th

Cir. 1978) (upholding the defendant's conviction for violating the substantive

statute as an aider and abetter and his punishment as a principal under Section

2).  In other words, Section 2 simply allows the Government to hold an aider and

abetter liable as if he were the principal in the offense.

Furthermore, the Government is not required to charge a violation of

Section 2 in the indictment at all.  *U.S. v. Swatzie*, 228 F.3d 1278, 1281 n.1 (11th

Cir. 2000) (quoting *U.S. v. Muñoz*, 681 F.2d 1372, 1375 (11th Cir.1982) ("There

is no requirement that the aiding and abetting statute be cited in the indictment

for conviction to be obtained upon a theory of aiding and abetting.")); *Masson*,

582 F.2d at 963.  However, the Government may choose to note the application

of Section 2 in the indictment to clarify the bases for a defendant's liability.  *See*

*Masson*, 582 F.2d at 963 ("If one can thus be convicted of aiding and abetting the

commission of an offense without being specifically so charged in the indictment,

then the indictment in this case merely made explicit what was already implicit as

a matter of law.").  Moreover, an indictment will not be dismissed for an error in

citation "[u]nless the defendant was misled and thereby prejudiced."  Fed. R.

Crim. P. 7(c) (3).

In this case, Count Two charges only one substantive offense:  a violation

of Title 18, United States Code, Section 666(a)(1)(B) for accepting a bribe.  (doc. 1.)  Count Two also states explicitly that each Defendant may be held liable under Section 2 as a principal, even if the jury finds that one Defendant only aided and abetted the other in the commission of the crime.  The "indictment makes explicit what was already implicit as a matter of law." *Masson*, 582 F.2d at 963.

In reply, Defendant Green argues that the order in which the citations appear in the indictment and the lack of parentheses around the number two indicate that the Grand Jury's charge is duplicitous.  (doc. 41.)  However, the Grand Jury can be forgiven for not first citing to Section 2 and then to Section 666(a)(1)(B) as Defendant Green argues would have been more appropriate. (doc. 41.)  This does not indicate that the Grand Jury was confused about the charge, and Defendant Green does not argue that he was unable to defend the charges to the Grand Jury because he was misled.  Rather, both the Grand Jury's purposeful use of "Sections" (plural) and its purposeful omission of parentheses to enclose the "2" indicate that this citation referred to a separate section of 18 U.S.C. entirely.  Furthermore, the citation first to Section 666(a)(1)(B) and next to Section 2 indicates that the Grand Jury intended to charge Defendants with a violation of the substantive offense (accepting a bribe) and then to clarify an alternate theory of liability (as an aider and abetter).  At most, this was an error in citation which does not warrant dismissal.  Neither of these citations should lead to Defendant Green's speculation about the charge

against him, especially in light of the Government's clarification (doc. 39).

For these reasons, Defendants' motions to dismiss Count Two for duplicity
must be denied.

## II.  Lack of Multiplicity

Next, Defendant Green argues that Count Two must be dismissed for
multiplicity.[1]  (doc. 41.)  Count Two states that "[t]he allegations of Count One of
this Indictment are fully incorporated by reference herein[.]"  (doc. 1.)  Defendant
Green argues that this sentence incorporates the conspiracy charge in Count
One into Count Two and charges the conspiracy twice.  He believes Count Two
must charge "(1) bribery; (2) aiding or abetting bribery; (3) conspiracy[;] and (4)
aiding or abetting conspiracy."  (doc. 41.)  Again, Defendant Green misreads the
Indictment.

"A count may incorporate by reference an allegation made in another
count."  Fed. R. Crim. P. 7(c)(1); *Blitz v. U.S.*, 153 U.S. 308, 317 (1894)
("repetition may be avoided by referring from one count to another. . . ").  The
court analyzes the sufficiency of an indictment with a common sense
construction using practical considerations.  *U.S. v. Germany*, 296 Fed. Appx.

---

[1] Defendant Green inaccurately uses the term "duplicity" in this argument
in his Reply. (doc. 41.)  Defendant Green argued in his motion that Count Two
should be dismissed for duplicity because he erroneously believed it alleged two
distinct crimes in one count.  That argument was discussed previously.  In his
Reply, Defendant Green also argues that Count Two charges the conspiracy
again (which was already charged in Count One).  The correct term for charging
a single offense in several counts is "multiplicity."  *See U.S. v. Glanton*, 707 F.2d
1238, 1240 (11th Cir.1983); Charles Alan Wright, *Misjoinder, Duplicity, and
Multiplicity*, Fed. Prac. & Proc. Crim. 3d § 142 (2008).

852, 862 (11th Cir. 2008) (internal citations omitted). Multiplicity is not demonstrated by re-alleging facts material to interconnected charges. *See, e.g.*, *U.S. v. Wood*, 780 F.2d 955, 963 (11th Cir. 1986).

In this case, Count One charges Defendants with a conspiracy in violation of 18 U.S.C. § 371. (doc. 1.) Count Two charges Defendants with accepting a bribe in violation of 18 U.S.C. § 666(a)(1)(B) as either a principal or as an aider and abetter. (doc. 1.) Count Two reincorporates the factual allegations made in Count One. (doc. 1.) This reincorporation of the facts previously detailed in Count One does not re-allege the conspiracy charge, but rather avoids repetition of the factual allegations underlying the substantive offense alleged in Count Two. For that reason, it is hereby ORDERED AND ADJUDGED that:

1. Defendant Green's motion to dismiss (doc. 35) is ***denied***.

2. Defendant Dawson's motion to dismiss (doc. 38) is ***denied***.

DONE AND ORDERED this 24th day of February, 2009.

*s/ Stephan P. Mickle*

Stephan P. Mickle
United States District Judge